People v Kamara (2025 NY Slip Op 00166)

People v Kamara

2025 NY Slip Op 00166

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Manzanet-Daniels, J.P., Pitt-Burke, Higgitt, Rosado, Michael, JJ. 

Ind. No. 888/20 Appeal No. 3466 Case No. 2022-04517 

[*1]The People of the State of New York, Respondent,
v
David Kamara, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Katherine A. Triffon of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered September 8, 2022, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to five years of probation, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US —, 140 S Ct 2634 [2020]). The totality of the circumstances, including the court's oral colloquy, which sufficiently distinguished the right to appeal from those rights automatically forfeited by a guilty plea, together with the detailed written waiver, established that the waiver was knowing, intelligent, and voluntary (see id. at 559-560). The waiver forecloses review of his Second Amendment claim premised on New York State Rifle & Pistol Assn., Inc. v Bruen, 597 US 1 (2022) (see People v Johnson, 225 AD3d 453, 455 [1st Dept 2024], lv granted 42 NY3d 939 [2024]).
Even if the appeal waiver were invalid, defendant failed to preserve his Second Amendment claim (People v Cabrera, 41 NY3d 35, 42-51 [2023]; People v Khan, 225 AD3d 552, 552 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Johnson, 225 AD3d at 455), and we decline to consider it in the interest of justice. As an alternative holding, we find that defendant lacks standing to assert the Second Amendment challenge (see People v Khan, 225 AD3d at 552), and that he failed to establish that his conviction is unconstitutional (id.). 
Defendant's contention that his counsel rendered ineffective assistance by failing to preserve his Second Amendment claim is unreviewable on direct appeal because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion (People v Holder, 224 AD3d 513, 514 [1st Dept 2024], lv denied 41 NY3d 1018 [2024]). In any event, "[t]here can be no denial of effective assistance . . . arising from counsel's failure to make a motion or argument that has little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005]).
Defendant's valid waiver of appeal also forecloses review of his excessive sentence claim (People v Liriano, 226 AD3d 520, 520 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]). Regardless of whether defendant made a valid appeal waiver, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025